David Lee Wheeler v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-304-CR

NO. 2-05-305-CR

DAVID LEE WHEELER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant David Lee Wheeler pled guilty to the possession of chemicals with intent to manufacture a controlled substance and the possession of a controlled substance.  He also pled true to an enhancement paragraph in each case.  After a jury trial on punishment, the jury assessed his sentence in each case at seventy-five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In one point, Appellant contends that the trial court abused its discretion by denying his motions for new trial based on jury misconduct.  Because we hold that the trial court did not abuse its discretion, we affirm the trial court’s judgments.

The record shows that during deliberations, the jury sent the trial judge two notes:

Judge, is there any difference between 99 years and life as to time served and good behavior for parole?  Or what is 
[
“
]
life
[
”
]
 considered in years?

and

Judge, can you explain the technical difference between 99 and life?

In response to the first note, the trial judge responded that the law did not allow him to answer the questions and referred the jury to the jury charge on punishment.  In response to the second note, the trial judge responded that the law did not allow him to answer the question.  Appellant did not complain below, nor does he complain on appeal, about the jury charge or the trial judge’s responses to the jury questions.  Appellant argued in his motions for new trial, which were denied by operation of law, and now argues on appeal that the jury’s improper consideration of parole and good time tainted the jury deliberations in these cases.

In a similar case, the Texas Court of Criminal Appeals explained,

We generally presume the jury follows the trial court's instructions in the manner presented.  The presumption is rebuttable, but appellant has pointed to no evidence in rebuttal.  Appellant did not file a motion for new trial alleging juror misconduct or obtain a hearing to adduce facts not in the record.  As such, the only evidence that the jury considered parole is the jury note.  Even if the note constitutes evidence the jury discussed parole at a preliminary point, we presume they followed the court's instructions and thereafter did not consider it in reaching their verdict.
(footnote: 2)

While Appellant in the cases before us did file motions for new trial alleging juror misconduct, the affidavit attached to each motion for new trial did not address this issue, nor did Appellant obtain a hearing on the motions so that he might adduce additional facts.  Consequently, the only evidence we have that the jury considered parole is the two notes.  While the two notes are evidence that the jury discussed parole at an earlier point during their deliberations, we presume that the jury followed the court’s instructions and did not consider parole in reaching the verdicts.
(footnote: 3)  
We further note that the jury sentenced Appellant neither to life nor to ninety-nine years but to the lesser sentence of seventy-five years.

Accordingly, we hold that the trial court did not abuse its discretion by denying Appellant’s motions for new trial.  We overrule Appellant’s sole point and affirm the trial court’s judgments.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  July 13, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Colburn v. State
, 
966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

3:
See id.